FALLEN *v.* FERRIS.

PRACTICE : WRIT OF ERROR : RETURN.—The Supreme Court will permit delays in the return of the writ of error, for the purpose of securing to the plaintiff his appeal, bringing up the record, and disposing of the case according to the rights of the parties; but this permission is extended only, where it perceives no intention on his part to abuse the process; when, therefore, it discovers that intention, its duty is

the reverse. The writ of error, as a writ of right, is limited by this condition, and the court should impose the limit. Its power for the purpose is inherent.

ERROR to the District Court of Laramie County.

The facts are sufficiently stated in the opinion.

*W. P. Carroll*, for plaintiff in error.

*Johnson & Potter*, for defendant in error.

PECK, J. The present writ of error, issued at the instance of these plaintiffs on the first day of March, 1879, to the judge of the First District Court for the record of a judgment, which had been rendered there: and on the 22d day of April, 1879, was returned into this court by that judge unanswered, but with, endorsed thereon, the certificate of the clerk of his court explaining, as follows, why he had not answered the writ, namely: that it was received on the first day of March, and in obedience to it a transcript of the record was made at the request of the plaintiffs in error on the eleventh day of March, but that they refused to pay the transcription fees, and the writ was accordingly returned without the transcript. The defendant moves upon all the proceedings, which are before us, for an affirmance of the judgment, and for other meet relief, filing under the motion a transcript of that record. The plaintiffs appear, concede the verity of the certificate, and ask that the motion be denied.

This court will permit delays in the return of the writ of error, for the purpose of securing to the plaintiff his appeal, bringing up the record, and disposing of the case according to the rights of the parties; but this permission is extended only, when it perceives no intention on his part to abuse the process; when, therefore, it discovers that intention, its duty is the reverse. The writ of error, as a writ of right, is limited by this condition, and the court should impose the limit. Its power for the purpose is inherent.

In the present case the plaintiffs, having obtained the process, abused it, by attempting to prevent its being answered and returned. Asking for the denial of the motion, they ask to have the process left in their control, left locked up; the consequence of which would be at their will to suspend the bringing up of the record, and the function of the court to revise, and to indefinitely harass the defendant. This would be a consummation of the abuse. As the record is now before us, the case can be heard, and the rights of the parties be subserved, the same as if the plaintiffs had not obstructed the process; the only difference being the form of proceeding; they may not complain of this.

The plaintiffs next ask that if the motion be not denied, it be granted only so far as to dismiss the writ. But two-thirds of the appealing year remains to them in this case, and in every instance of such a motion more or less of it may remain; and if, as fast as a writ of error is dismissed by us, the plaintiff can, as a matter of right, take out another, such abuse of the process can be indefinitely repeated, which would be but an aggravation of what we are now compelled to condemn, and our only means of guarding against it is by such an order as is above indicated; and, if the matter of right is exhausted by the issuance of the first writ, and a subsequent one can be obtained only on leave, such an order will accomplish for the plaintiffs all that can be obtained by another writ.

The order will be granted.

Judgment affirmed.